UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KIRKLAND,

                Petitioner,                        Case No. 1:08-cv-979

v.                                           Honorable Paul L. Maloney

BLAINE LAFLER,

                Respondent.

_____

## __OPINION__

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner currently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded nolo contendere to one count of felonious assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, in the Muskegon County Circuit Court. He was originally sentenced to probation on June 24, 2004. Petitioner's probation was subsequently revoked and on October 24, 2006 he was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to a term of incarceration of 20 to 96 months.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied on March 31, 2008. Petitioner then sought leave to appeal to the Michigan Supreme Court, which was denied on September 9, 2008. Petitioner did not file a motion for relief from judgment. He timely filed the instant application for habeas relief on October 17, 2008.

According to his application, Petitioner raises the same two grounds presented to the state courts. (Pet. at 2-3, docket #1.) First, Petitioner asserts that he was denied appellate counsel in violation of *Halbert v. Michigan*, 545 U.S. 605 (2005). (Attach. to Pet. at 1.) Second, Petitioner asserts that the trial court erred by sentencing Petitioner above the guideline range and that his sentence was disproportionately harsh. (*Id.* at 2.) Petitioner further asserts that he sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). (*Id.* at 2, 4.)

**Discussion**

A.    Appellate Counsel

Petitioner moved for appointment of appellate counsel. Michigan Court Rule 6.425(G)(1)(c) provides:

> In a case involving a conviction following a plea of guilty or nolo contendere, if the defendant is indigent, the court must enter an order appointing a lawyer if the request is filed within 42 days after sentencing.

Petitioner did not filed his request within the forty-two-day time period. (Attach. to Pet. at 1.) On April 26, 2007, the trial court denied Petitioner's motion for appointment of appellate counsel because it was not filed within the forty-two-day period provided by MICH. CT. R. 6.425(G)(1)(c). (*See* Attach. to Pet. at 33.) Petitioner filed a delayed application for leave to appeal the order denying him appointed appellate counsel in the Michigan Court of Appeals, which denied leave on March 31, 2006, for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on September 9, 2008, because it was not persuaded it should review the issues presented.

In his *pro se* application for habeas relief, Petitioner claims that the trial court violated his Fourteenth Amendment rights to due process and equal protection when it denied his motion for appointment of appellate counsel. (Attach. to Pet. at 1.) In support of his claim, Petitioner cites *Halbert v. Michigan*, 545 U.S. 605, 617 (2005), in which the Supreme Court held that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants, convicted on pleas of guilty or nolo contendere, who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. Michigan Court Rule 6.425(G)(1)(c) was adopted in 2005 to conform to the ruling in *Halbert*. *See* MICH. CT. R. 6.425 advisory committee's notes. The new court rule was in place when Petitioner was convicted of the probation violation and re-sentenced in 2006. Petitioner's constitutional rights were not violated because he had the opportunity to move for the appointment of an appellate attorney but failed to do so in a timely manner. His request was denied because he failed to comply with the

reasonable time limit imposed by the Michigan Court Rules.  Petitioner does not dispute the trial

court's finding that his request was untimely.  Accordingly, Petitioner fails to raise a meritorious

federal claim.

   B. <u>Sentencing Guidelines</u>

   Petitioner argues that he is entitled to resentencing because the trial court erred in

considering "two prior probation violations" which the judge determined were "not taken into

account by the guidelines.  (Attach. to Pet. at 4.)  The Michigan Court of Appeals rejected

Petitioner's claim for lack of merit in the grounds presented.

   Claims concerning the improper scoring of sentencing guidelines are state-law claims

and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370,

373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within

the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir.

2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993)

(departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal

habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing

guidelines establish only rules of state law).  There is no constitutional right to individualized

sentencing.  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Moreover, a criminal

defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum

sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord*

*Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105,

106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972*); Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information.  *Tucker*, 404 U.S. at 447.  Instead, Petitioner argues only that the court's sentencing findings were not

sufficiently supported.  Such claims clearly fall far short of the sort of egregious circumstances implicating due process.  The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

        C.     *Blakely*

        Petitioner also argues that when the trial court considered the two prior probation violations the court violated Petitioner's Sixth Amendment right to a trial by jury by using facts to enhance his sentence that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt.  Petitioner bases his argument largely on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004).  *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.  Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant.  The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

        Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term.  The maximum sentence is not determined by the trial judge, but is set by law.  *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP.

LAWS § 769.8).  Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)).  Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence.  *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*.  *See Blakely,* 542 U.S. at 304-05, 308-09.  Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights.  *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007)*; Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007)*; Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

## Conclusion

-7-

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.  Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   December 2, 2008                            /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge